IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
08/02/2016

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ETHEL FAYE LEWIS, | ) | CASE NO. 15-80355-G3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has held a hearing on confirmation of the Debtor's "Uniform Plan and Motion for Motion for Valuation of Collateral" (Docket No. 95) filed on May 25, 2016. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered confirming the plan. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Ethel Faye Lewis ("Debtor")_filed the voluntary petition in the instant case under Chapter 13 of the Bankruptcy Code on October 2, 2015.

On May 29, 2015, prior to the date of filing of the petition in the instant case, Robert Raymond Noble, the holder of a note secured by Debtor's homestead, gave to Debtor a notice of acceleration of the note. (Noble Exhibit 4).

On October 6, 2015, four days after the date of filing of the petition in the instant case, Noble filed a motion for relief from stay. (Docket No. 10). On November 2, 2015, the court entered an agreed order on Noble's motion for relief from stay. The agreed order provides in pertinent part:

> 4. The Debtor(s) must:
>
> * * *
>
> > B. Maintain insurance and pay all ad valorem taxes on the property and provide continuous proof of insurance and payment of ad valorem taxes to the holder of the note. This provision does not apply to escrowed taxes and insurance, payment of which is governed by paragraph 4A.
>
> 5. If the Debtor(s) fail to comply with paragraph 4 of this Order or make a payment by insufficient check, the Movant must give the Debtor(s) and Debtor(s)' counsel written notice by regular and by certified mail. If the Debtor(s) fail to comply within 14 days of the date that notice was sent, it is a Final Default under this Order. Movant is only required to send two notices of default under this order. If there is a third failure to comply with paragraph 4, it is a Final Default and no further notice of an opportunity to cure must be given.
>
> 6. The automatic stay remains in effect until (i) there is a Final Default under this order; (ii) this case is dismissed; or (iii) the Debtor(s) receive their bankruptcy discharge. If the stay terminates because there is a Final Default, the Movant must file a notice of termination of the automatic stay. The Debtor may challenge any notice of termination by filing a motion to set aside the notice of termination. The motion must be filed within 14 days of the filing of the notice of termination. Pending consideration of the motion by the Court, the Movant may proceed with all actions preparatory to foreclosure, but may not consummate a foreclosure of the Property. Any co-debtor stay terminates at the time that the automatic stay terminates.

(Docket No. 28).

On March 22, 2016, Noble filed a proof of claim in the instant case, in the amount of $117,479.97. The proof of claim states an arrearage amount of $10,560.00. (Debtor's Exhibit 3).

On May 20, 2016, Noble filed a "Notice of Default" indicating, <u>inter alia</u>, that Debtor had failed to maintain flood insurance on the property. (Docket No. 94).

On June 16, 2016, Noble filed a "Notice of Termination of Automatic Stay," citing Debtor's failure to maintain flood insurance on the property. (Docket No. 103).

In the instant plan, Debtor proposed disbursements to Noble of 48 regular monthly mortgage payments of $1,200 each, for a total of $57,600, an additional $10,560, at 0% interest, with 46 payments to be paid pro rata, in order to cure Noble's arrearage claim. (Docket No. 95).

## Conclusions of Law

Section 1325(a)(5) of the Bankruptcy Code requires:

(5) with respect to each allowed secured claim provided for by the plan—

    (A) the holder of such claim has accepted the plan;

    (B)(i) the plan provides that—

        (I) the holder of such claim retain the lien securing such claim until the earlier of—

            (aa) the payment of the underlying debt determined under nonbankruptcy law; or

>    >    (bb) discharge under section 1328; and
>
>    (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
>
> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
>
> (iii) if—
>
>    (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
>
>    (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
>
> (C) the debtor surrenders the property securing such claim to such holder.

11 U.S.C. § 1325(a)(5).

Noble asserts that the plan must provide for payment of the entire $117,479.97 during the term of the plan, in light of the termination of stay. (Docket No. 107).

Section 1322(b)(5) of the Bankruptcy Code provides:

> (b) Subject to subsections (a) and (c) of this section, the plan may—
>
>    * * *

> (5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.

11 U.S.C. § 1322(b)(5).

Section 1322(b)(5), irrespective of the terms of the mortgage contract, allows modification of home mortgages for the purpose of enabling debtors to cure mortgage arrearages and maintain current payments through a chapter 13 plan. Thus, even if the lender is entitled to accelerate the loan or foreclose on the home under the mortgage contract, Section 1322(b)(5) gives debtors the opportunity to keep their homes by curing defaults and maintaining payments under the chapter 13 plan. As explained by the Fifth Circuit, a primary purpose of chapter 13 and Section 1322(b)(5) is "to provide homeowners with the continuing right to cure defaults and preserve their primary asset." In re Rodriguez, 421 B.R. 356 (Bankr. S.D. Tex. 2009), citing Mendoza v. Temple-Inland Mortgage Corp. (In re Mendoza), 111 F.3d 1264 (5th Cir. 1997).

The court concludes that Debtor in the instant case is permitted to maintain payments, and cure the arrearage, notwithstanding the prepetition acceleration of the mortgage and the termination of stay. The court concludes that the plan

should be confirmed.

Based on the foregoing, a separate Judgment confirming the plan will be entered.

Signed at Houston, Texas on August 2, 2016.

                                              LETITIA Z. PAUL
                                              UNITED STATES BANKRUPTCY JUDGE